UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

ALEX CRUZ,

               Defendant.

                        /

Case No. 1:97-CR-43-02

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Defendant Alex Cruz's Motion to Correct Restitution Payment Order. Upon review of the Motion, the Court discerns no reason to hear oral argument. W.D. MICH. LCrR 47.2(d). For the reasons set forth below, the Court will grant Defendant's Motion to Correct Restitution Payment Order.

Defendant believes the Court violated the Mandatory Victims Restitution Act of 1996 ("MRVA"), 18 U.S.C. §§ 3663A-3664, when it failed to specifically provide for the manner in which his restitution obligation was to be paid and illegally delegated that task to the United States Bureau of Prisons.[1] Defendant also contends that the Court erred by failing to review the factors set forth in 18 U.S.C. § 3664(f)(1)(B)(2)(A)-(C) and put those findings on the record. After careful review, the Court agrees with Defendant's contentions.[2]

Defendant's Motion is squarely controlled by the Sixth Circuit Court of Appeals' decision in *United States v. Davis*, 306 F.3d 398 (6th Cir. 2002). In *Davis*, the Court of Appeals reviewed the district court's

---

[1] Defendant actually charges that the Court delegated its sentencing authority to the United States Probation Office. Because Defendant is currently incarcerated, his restitution rate was set by the Bureau of Prisons under the Inmate Financial Responsibility Program ("IFRP"). 28 C.F.R. § 545.11(b)(1).

[2] The Court has continuing jurisdiction to correct an illegal sentence. FED. R. CRIM. P. 35; *United States v. Savely*, 814 F. Supp. 1519, 1524 (D. Kan. 1993) ("A restitution order unauthorized by statute is an illegal sentence for which a defendant may file a Rule 35(a) motion at any time.").

judgment in which victim restitution was ordered to be immediately paid in full; however, because Defendant

was incarcerated within the Bureau of Prisons, the Bureau subsequently determined his restitution rate (*i.e.*,

when to pay restitution and how much) under the IFRP. *Id.* at 424-25. The *Davis* court observed the MVRA

makes mandatory that:

> Upon determination of the amount of restitution owed to each victim, *the court shall*,
> pursuant to section 3572, specify in the restitution order the manner in which, and the
> schedule according to which, the restitution is to be paid, in consideration of (A) the
> financial resources and other assets of the defendant, including whether any of these assets
> are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any
> financial obligations of the defendant; including obligations to dependents.

*Id.* at 425 (citing 18 U.S.C. § 3664(f)(1)(B)(2)(A)-(C)) (emphasis in original). The *Davis* court ultimately

held that because the district court did not to set the rate at which Davis was required to pay his restitution

obligation, it had "failed to satisfy the MVRA's mandatory requirements under § 3664 that the district court

alone 'shall' set payment schedules." *Id.* at 426 (citing *United States v. Coates*, 178 F.3d 681, 685 (3d Cir.

1999)). The Court of Appeals was further troubled by the fact that the trial court failed to make clear that

it considered the factors set forth in section 3664(f)(1)(B)(2)(A)-(C). *Id.*

This Court's Judgment against Defendant and the manner in which restitution was ordered virtually

tracks the events described in *Davis*. That is, the Court ordered Defendant's restitution obligation be

immediately paid in full and then sentenced him to a term of imprisonment. Once incarcerated, the Bureau

of Prisons determined that he should pay $25 per quarter toward his restitution obligation. At sentencing,

the Court did not make its finding concerning section 3664(f)(1)(B)(2) explicit. The holding of *Davis* is

inescapable and the Court's Judgment violated 18 U.S.C. § 3664. Accordingly, the Court will set forth the

rate at which Defendant shall pay his restitution amount in an Amended Judgment.

In doing so, the Court is obligated to consider 18 U.S.C. § 3664(f)(1)(B)(2)(A)-(C). Thus, the Court

finds that Defendant's financial resources include: $200 in a checking account; $100 in a savings account;

and $10,500 in real estate.[3]  These assets are jointly controlled by Defendant and his wife.  As noted above,

Defendant is incarcerated and his projected earnings are limited by his institution.  *See* 28 C.F.R. § 545.20-

.31.  Finally, Defendant is married and has fathered one child from that union.  Defendant's wife also has

a child from a previous relationship that Defendant unsuccessfully attempted to adopt.  The Court is unaware

of any other financial obligations.  Having considered section 3664(f)(1)(B)(2), the Court comprehends no

reason to alter the restitution schedule established by the Bureau of Prisons, absent that the Court must adopt

that schedule as its own under section 3664.  *Davis*, 306 F.3d at 426.

  **THEREFORE, IT IS HEREBY ORDERED** that Defendant Alex Cruz's Motion to Correct

Restitution Payment Order (Dkt. No. 303) is **GRANTED** and an Amended Judgment shall issue consistent

with this Order.  Defendant's restitution shall be paid in minimum quarterly installments of $25 based on

IFRP participation, or minimum monthly installments of $20 based on UNICOR earnings, during the period

of incarceration, effective immediately.  Any balance due upon commencement of supervision shall be paid,

during the term of supervision, in minimum monthly installments of $50.00, to commence 60 days after

release from imprisonment.

         /s/ Richard Alan Enslen

DATED in Kalamazoo, MI:     RICHARD ALAN ENSLEN
  August 11, 2006      SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Defendant submitted no current financial information contemporaneous with his Motion and the Court relied on the presentence report completed by the Probation Office to assess his ability to pay.

-3-